CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 22 2012

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:11cr00071-1 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| LARRY SCOTT SMITH, | ) | |
| | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

This matter is before the court on the United States of America's amended motion for forfeiture of the $15,000 posted by Peter and Vickie Zanger to secure defendant Larry Scott Smith's release and subsequent appearance. There is no dispute that Smith violated the conditions of his release by absconding to California and failing to appear for his scheduled March 12, 2012, guilty plea hearing in this district. Under the Federal Rules of Criminal Procedure, then, "the court must declare the bail forfeited." Fed. R. Crim. P. 46(f)(1). Accordingly, the United States' motion is **GRANTED**. Nevertheless, under Rule 46(f)(2), the court is authorized to "set aside in whole or in part a bail forfeiture . . . if . . . it appears that justice does not require bail forfeiture." See United States v. Kirkman, 426 F.2d 747, 751 (4th Cir. 1970). Having considered the length of time Smith remained a fugitive and the Zanger's efforts to have Smith return to the Western District of Virginia, the court finds that justice does not require a full forfeiture. Accordingly, it is **ORDERED** and **ADJUDGED** that $3500 of the forfeiture is **SET ASIDE**, resulting in a total forfeiture of $11,500, and the Clerk shall **REMIT** $3500 to the Zangers.

    ENTER: August 21, 2012.

_____
UNITED STATES DISTRICT JUDGE